UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDY GIBSON and VICKIE COX, individually and on behalf of others similarly situated. | : : : |
| Plaintiffs, | : CIVIL ACTION : : No. 2:18-cv-320 |
| v. | : : **CLASS ACTION COMPLAINT** |
| JAVITCH BLOCK, LLC, | : **AND JURY TRIAL DEMAND** : |
| Defendant. | : |

**CLASS ACTION COMPLAINT**

Plaintiffs BRANDY GIBSON and VICKIE COX, individually and on behalf of all others similarly situated, (collectively hereinafter "Plaintiffs") as and for their complaint against Defendant JAVITCH BLOCK, LLC (hereinafter "Defendant" or "Javitch Block") allege, upon information and belief, except those allegations that directly related to each plaintiff herself, which are alleged upon personal knowledge, as follows:

**I.      INTRODUCTION**

1. A class of consumers have been misled and confused by Defendant's form debt collection letter that fails to apprise the class members of their complete rights under the FDCPA.

2. This is a case about a woman who struggled to find the owner of her student loan account and whose attempts to discover the correct owner were thwarted, leading to Ms. Gibson being sued without her questions answered.

3. This is an action for money damages, reasonable attorneys' fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") brought by Plaintiffs on behalf of themselves and all others similarly situated.

4. At issues in this litigation is Defendant's form debt collection letter that violated the FDCPA.

1

5.  Plaintiffs seek actual damages, statutory damages, attorneys' fees, and costs, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA").

6.  The FDCPA prohibits debt collectors, including Defendant, from engaging in abusive, deceptive, and unfair debt collection practices.

7.  The FDCPA applies to the collection of debt(s) incurred by a consumer primarily for personal, family, or household purposes.

8.  Defendant is JAVITCH BLOCK, LLC (hereinafter "JAVITCH BLOCK").

## II.   JURISDICTION

9.  This action is to enforce liability created by the FDCPA.

10. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

11. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

12. Jurisdiction of this court arises under 28 U.S.C. § 1337.

## III.   VENUE

13. JAVITCH BLOCK regularly transacts business in this judicial district.

14. JAVITCH BLOCK is subject to the personal jurisdiction of this Court.

15. JAVITCH BLOCK resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

17. A substantial part of the events giving rise to this claim occurred in this judicial district.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff BRANDY GIBSON ("Ms. Gibson")

19. Plaintiff BRANDY GIBSON ("Ms. Gibson") is a natural person.

20. Ms. Gibson resides in Vermillion County.

21. Ms. Gibson is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Ms. Gibson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. Ms. Gibson allegedly incurred a debt with Bank One, N.A. for a student loan.

24. Ms. Gibson never owned or operated any business, so any obligation that she would have to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

### Plaintiff VICKIE COX ("Ms. Cox")

25. Plaintiff VICKIE COX ("Ms. Cox") is a natural person.

26. Ms. Cox resides in Vermillion County.

27. Ms. Cox is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

28. Ms. Cox is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Ms. Cox allegedly incurred a debt with Bank One, N.A. for a student loan.

30. Ms. Cox never owned or operated any business, so any obligation that she would have to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

### Defendant JAVITCH BLOCK, LLC ("JAVITCH BLOCK")

31. JAVITCH BLOCK is a limited liability company organized and existing under the laws of the State of Ohio.

32. JAVITCH BLOCK is registered with the Ohio Secretary of State under Entity Number: 957121.

33. JAVITCH BLOCK'S place of business is located at 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

34. Javitch Block's registered agent for service of process is THEODORE KONSTANTINOPOULOS, 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

35. At all times relevant to this action, Javitch Block employees and attorneys were agents acting on behalf of Javitch Block.

36. Javitch Block is a law firm that, among other matters, contacts consumers in an attempt to collect consumer debt.

37. Javitch Block attempts to collect debt on behalf of Citibank.

38. Javitch Block maintains a website at http://www.jbllc.com.

39. Javitch Block maintains an Indiana office at One Indiana Square, Suite 2575, Indianapolis, Indiana 46204.

40. Javitch Block is engaged in the business of collecting debt within multiple states.

41. Javitch Block is engaged in the business of collecting debt within the State of Indiana.

42. Javitch Block is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

43. Javitch Block regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

44. Javitch Block is engaged in the collection of debts from consumers using the mail.

45. Javitch Block is engaged in the collection of debts from consumers using the telephone.

46. Javitch Block is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V.     FACTUAL ALLEGATIONS

47. JAVITCH BLOCK sent Ms. Gibson an initial form letter, dated July 26, 2017, demanding payment of a delinquent consumer debt owed for a student loan. This letter stated, in pertinent part (emphasis added in bold):

* * *

> We represent the above creditor concerning the above balance due, which was placed with us for collection. If making a payment, payment should be made payable to the creditor listed above and received at the office of Javitch Block LLC, 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-2521.
>
> Unless you, within 30 days after receipt of this notice, dispute the validity of this debt, or any portion thereof, we will assume the debt is valid. If you notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the 30-day period, **we will provide you with the name and address of the prior creditor, if different from the current creditor.**
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

* * *

48. Nowhere in JAVITCH BLOCK's letter to Ms. Gibson did it advise Ms. Gibson that she had the right to the name and address of the original creditor.

49. The original creditor is believed to be Bank One, N.A.

50. The original creditor's identity related to the debt at issue was made known through engaging in discovery in the lawsuit JAVITCH BLOCK filed against Ms. Gibson on behalf of National Collegiate Student Loan Trust.

51. The prior creditor is not the same entity as the original creditor.

52. JAVITCH BLOCK attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

53. JAVITCH BLOCK's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1256, 1257 (7th Cir. 1994).

54. JAVITCH BLOCK sent Ms. Cox an initial form letter, dated September 27, 2017, demanding payment of a delinquent consumer debt owed for a student loan. This letter stated, in pertinent part:

> \* \* \*
>
> We represent the above creditor concerning the above balance due, which was placed with us for collection. If making a payment, payment should be made payable to the creditor listed above and received at the office of Javitch Block LLC, 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-2521.
>
> Unless you, within 30 days after receipt of this notice, dispute the validity of this debt, or any portion thereof, we will assume the debt is valid. If you notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the 30-day period, we will provide you with the name and address of the prior creditor, if different from the current creditor.
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> \* \* \*

55. Nowhere in JAVITCH BLOCK's letter to Ms. Cox did it advise Ms. Cox that she had the right to the name and address of the original creditor.

56. The prior creditor is not the same entity as the original creditor.

57. Bank One, N.A. is the original creditor of the debt at issue.

58. The National Collegiate Funding LLC was the successor to Bank One, N.A. regarding the debt at issue.

59. National Collegiate Student Loan Trust 2004-2 claimed ownership of the right to collect the debt at issue at all times Javitch Block communicated with Ms. Cox and Ms. Gibson.

**VIOLATIONS OF THE FDCPA AS TO PLAINTIFF BRANDY GIBSON**

### VI.   COUNT I – VIOLATION OF 15 U.S.C. 1692g

60. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

61. Section 1692g of the FDCPA requires that, within 5 days of Defendant's communication to a consumer, it had to provide the consumer with an effective validation notice, containing, among other disclosures, "**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt", as well as, "**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *See* 15 U.S.C.S. § 1692g(a)(4) and (5).

62. Nowhere in JAVITCH BLOCK's initial collection letter to Ms. Gibson does it state that Plaintiff's written dispute to JAVITCH BLOCK could request the name and address of the original creditor if different from the prior creditor. Thus, JAVITCH BLOCK has violated § 1692g of the FDCPA.

63. JAVITCH BLOCK's violation of § 1692g renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

### VII.   COUNT II – VIOLATION OF 15 U.S.C. 1692g

64. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

65. Section 1692g of the FDCPA requires that, within 5 days of Defendant's communication to a consumer, it had to provide the consumer with an effective validation notice, containing, among other disclosures, "**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt", as well as, "**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *See* 15 U.S.C.S. § 1692g(a)(4) and (5).

66. Nowhere in JAVITCH BLOCK's initial collection letter to Ms. Cox does it state that Plaintiff's written dispute to JAVITCH BLOCK could request the name and address of the original creditor if different from the prior creditor. Thus, JAVITCH BLOCK has violated § 1692g of the FDCPA.

67. JAVITCH BLOCK's violation of § 1692g renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

### VIII. COUNT III – VIOLATION OF 15 U.S.C. 1692f

68. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

69. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692f.

70. JAVITCH BLOCK, by failing to advise Ms. Gibson that her written dispute could request the name and address of the original creditor, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

71. JAVITCH BLOCK may have attempted to collect money past the applicable statute of limitations and failed to notify Ms. Gibson that the debt was not legally enforceable.

72. JAVITCH BLOCK's violation renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

### IX. COUNT III – VIOLATION OF 15 U.S.C. 1692f

73. Plaintiff incorporates herein by reference all of the foregoing paragraphs in full herein.

74. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692f.

75. JAVITCH BLOCK, by failing to advise Ms. Cox that her written dispute could request the name and address of the original creditor, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

76. JAVITCH BLOCK may have attempted to collect money past the applicable statute of limitations and failed to notify Ms. Cox that the debt was not legally enforceable.

77. JAVITCH BLOCK's violation renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

### X. COUNT IV – VIOLATION OF 15 U.S.C. 1692e

78. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

79. JAVITCH BLOCK violated the FDCPA by using misleading representations in an attempt to collect a debt.

80. JAVITCH BLOCK violated the FDCPA by using false representations in an attempt to collect a debt.

81. JAVITCH BLOCK violated the FDCPA by using deceptive means in an attempt to collect a debt.

82. JAVITCH BLOCK falsely represented that it would provide the name and address of the prior creditor if different from the current creditor.

83. JAVITCH BLOCK had no intention of providing the name and address of the prior creditor.

84. JAVITCH BLOCK did not provide the name and address of the prior creditor or the original creditor.

### XI.   COUNT V – VIOLATION OF 15 U.S.C. 1692g

85. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

86. JAVITCH BLOCK violated the FDCPA by overshadowing the validation requirement.

87. JAVITCH BLOCK was required to cease collection of the debt until JAVITCH BLOCK obtained verification of the debt and the name and address of the original creditor and mailed such information to Ms. Gibson.

88. JAVITCH BLOCK failed to provide the name and address of the original creditor before it filed a lawsuit against Ms. Gibson, in direct violation of 15 U.S.C. § 1692g(b).

### XII.   COUNT VI – VIOLATION OF 15 U.S.C. 1692g

89. Plaintiffs incorporate herein by reference all of the foregoing paragraphs in full herein.

90. JAVITCH BLOCK violated the FDCPA by overshadowing the validation requirement.

91. JAVITCH BLOCK was required to cease collection of the debt until JAVITCH BLOCK obtained verification of the debt and the name and address of the original creditor and mailed such information to Ms. Cox.

92. JAVITCH BLOCK failed to provide the name and address of the original creditor before it filed a lawsuit against Ms. Cox, in direct violation of 15 U.S.C. § 1692g(b).

### CLASS ACTION ALLEGATIONS

93. Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

94. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

95. Plaintiff represents, and is a member of the Class, consisting of all persons within the State of Indiana from whom Defendant JAVITCH BLOCK attempted to collect a delinquent

consumer debt, allegedly owed for a student loan, via the same form collection letter (**Exhibit A**), that Defendant JAVITCH BLOCK sent to Ms. Gibson and Ms. Cox, from one year before the date of this Complaint to present.

96. This action seeks a finding that Defendant JAVITCH BLOCK's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

97. Defendant JAVITCH BLOCK regularly engages in debt collection, using the same form collection letter it sent Ms. Gibson and Ms. Cox, in its attempts to collect delinquent consumer debts from other persons.

98. By virtue of these assertions, the possibility of inconsistent or varying adjudications with respect to individual class members can occur.

99. Specifically, based on the notices given to respective class members, and in hopes to handle lingering debt issues, class members would be induced into paying the aforementioned debts without being able to determine whether the debt is valid or to whom it was owed.

100. Defendant and its employees or agents are excluded from the Class.

101. On information and belief, members of the Class exceed 50 members. The precise number of Class members and their identities are unknown to Plaintiff at this time but are readily determinable in JAVITCH BLOCK's records through discovery.

102. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in expeditious litigation of this matter.

103. The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

104. The question of law in this case and the factual allegations asserted herein would be common to all class members.

105. The claims and defenses of all classes are typical to the matter contained in this cause of action.

106. Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class. Counsel has the resources, expertise, and experience to prosecute this action.

107. Plaintiff and members of the class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent, collected or attempted to collect debts without providing required disclosures, in direct violation of the FDCPA. Plaintiff and the class members were damaged thereby.

108. This suit seeks actual, compensatory, and statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

109. The joinder of class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

110. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within one year prior to the filing of this action, Defendant has sent a form collection letter to the Class members in an attempt to collect a delinquent consumer debt for a student loan.

111. As persons who received at the aforementioned form letter from Defendant seeking to collect debts, Plaintiff is asserting claims that are typical of this class. During the one-year period prior to the filing of this Complaint, Defendant was engaged in a pattern and practice of contacting members of the class in connection with a debt, via letter.

112. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

113. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

114. Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices Act.

115. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

116. As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in

the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

### XIII.  REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, BRANDY GIBSON and VICKIE COX, on behalf of themselves and the Class, respectfully request that this Honorable Court enter an order and judgment in favor of Plaintiffs and the Class and against Defendant JAVITCH BLOCK, LLC as follows:

A. Certifying this case as a class action and certifying the named plaintiffs herein as class representatives and their counsel to be adequate class counsel;

B. Entering a judgment pursuant to 28 U.S.C. § 2201 declaring the acts and practices of Defendant complained of herein violate the FDCPA;

C. Entering a permanent injunction enjoining Defendant, and its agents and employees, from continuing to engage in their conduct alleged herein that violates the FDCPA, and order Defendant to adopt and enforce policies and procedures to ensure future compliance with the FDCPA;

D. Entering a judgment on behalf of Plaintiff BRANDY GIBSON for actual damages proved at trial pursuant to 15 U.S.C. § 1692k(a)(1) and for damages in an amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2);

E. Entering a judgment on behalf of Plaintiff VICKIE COX for actual damages proved at trial pursuant to 15 U.S.C. § 1692k(a)(1) and for damages in an amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2);

F.   Entering a judgment awarding Plaintiffs costs of this action, including the fees and costs of experts, disbursements, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

G.   Awarding such other and further relief as the Court may deem just and proper.

## XIV.   JURY DEMAND

Plaintiffs, pursuant to Fed. R. Civ. P. 38, demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| Dated: Lafayette, Indiana<br>July 17, 2018 | Respectfully submitted,<br>/s/ *Duran L. Keller*<br>Duran L. Keller, Esq. (#31743-79)<br>**KELLER LAW**<br>8 N. Third Street, Suite 403<br>Lafayette, Indiana 47901<br>Telephone: (765) 444-9202<br>Facsimile: (765) 807-3388<br>Email: duran@kellerlawllp.com |
| Dated: New York, New York<br>July 17, 2018 | s/ Brian L. Ponder<br>Brian L. Ponder, Esq. (NY: 5102751)<br>BRIAN PONDER LLP<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br>Telephone: (646) 450-9461<br>Facsimile: (646) 607-9238<br>Email: brian@brianponder.com<br>*Attorneys for Plaintiff* |



## Exhibit A

1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114-2521
O: 216-623-0000
F: 216-623-0190
Toll Free: 866-881-2400

July 26, 2017

Brandy R Gibson
349 N Cherry Ave
Clinton, IN 47842-7402

RE: File No. - 1557163 PAS
Creditor - NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2
Consumer - Brandy R Gibson
Account No. - *******75/001-001000
Balance Due - $12,465.80

Dear Brandy R Gibson:

We represent the above creditor concerning the above balance due, which was placed with us for collection.

If making a payment, payment should be made payable to the creditor listed above and received at the office of Javitch Block LLC, 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-2521.

Unless you, within 30 days after receipt of this notice, dispute the validity of this debt, or any portion thereof, we will assume the debt is valid. If you notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the 30-day period, we will provide you with the name and address of the prior creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please call (800) 837-4601 ( Ext. 3422 );
Monday-Thursday: 8AM-7PM, Friday: 8AM-6PM, Saturday: 8AM-12PM (Eastern Time).

Sincerely,

LM

Javitch Block LLC



1557163 PAS

Bar admission (OH, IN, KY, TN, TX, & WV) information for our attorneys is listed on our website at www.jbllc.com