UNITED STATES DISTRICT COURT
SOUTHERN DISITRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDY GIBSON and VICKIE COX, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>JAVITCH BLOCK, LLC,<br><br>Defendants. | Civil Action No. 2:18-cv-00320-MJD-RLM<br><br>MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Class Counsel hereby submits this motion, pursuant to Rules 23(e) of the Federal Rules of Civil Procedure, for the final approval of the class action settlement in this matter. In support of this motion, Class Counsel states:

1. The Class Action Complaint in this matter was filed on July 17, 2018. (ECF No. 1).

2. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated February 15, 2019. (ECF No. 37-1).

3. The parties moved for preliminary approval of the settlement on February 19, 2019 (ECF No. 37).

4. On February 20, 2019, Defendant complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1715, by mailing the notice of the Attorney General of the United States and the Secretary of State for the State of Indiana. (ECF No. 40).

5. On March 5, 2019, the Settlement Agreement was, pursuant to Rule 23, preliminarily approved by this Court and a Class was certified in this matter. (ECF No. 39).

6. On March 25, 2019, First Class, Inc., mailed the class notices via First Class U.S. Mail to 3,676 class members. (Hughes Aff. ¶¶ 7-8, ECF No. 42-1). The result of the mailing as of June 12, 2019, is as follows:

   a. 248 notices were returned by the United States Postal Service as undeliverable with no forwarded information (*Id.* ¶ 9); First Class attempted to locate new addresses for 245 notices that were returned as undeliverable and found new addresses for 171 of the individuals, of which 44 were returned as undeliverable (*Id.* ¶ 11);

   b. 8 were returned by the U.S. Postal Service with a forwarding address and re-mailed (*Id.* ¶ 10);

   c. 121 notices were ultimately returned as undeliverable (*Id.* ¶ 12), which is approximately a 96.7% success rate.

   d. No objections were received, no members of the Class sought leave of this Court to intervene, and 1 class member opted-out of this action (Alexander J. Wojda of Monticello, IN.) (*Id.* ¶¶ 13, 14).

   e. 351 claim forms were received, including 4 postmarked after the cutoff date. (*Id.* ¶¶ 15-17). In Class Counsel's experience, the present claim rate of 9.5% is comparable with similar cases.

7. The Settlement Agreement provided that Defendants shall pay $3,150 each to Brandy R. Gibson and Vickie Cox for statutory damages and in recognition of their efforts on behalf of the Settlement Class (Settlement Agreement ¶ 9, ECF No. 37-1). Defendant is to pay $33,000 to the Class, which will be divided up among each of the Settlement Class Members, who returned the claim form; any unclaimed funds will be paid to Indiana Legal Services, Inc., as a *cy pres* remedy (*Id.* ¶ 8(a), (e)).

8. The settlement negotiations were conducted at arms-length and in good faith among all counsel, with the assistance of the Court, and the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiffs and all Settlement Class Members.

9. Per the Settlement Agreement, Defendant agreed not to contest an award of reasonable attorney fees up to $34,000. (*Id.* ¶ 23).

10. Further, Defendant will pay the cost of distributing the class notice, administering claims, distributing the settlement fund, and the class administrator. (*Id.* ¶ 22(b)). Class Counsel has separately filed a motion to award attorney's fees and costs, which details their hourly rates, hours worked, costs incurred, and work to be done.

11. As detailed in Class Counsel's declarations and exhibits attached, Class Counsel has incurred more than $34,000 in fees and costs in prosecution and settlement of this matter.

12. Furthermore, Class Counsel has been appointed class counsel in more than twenty Fair Debt Collection Practices Act class actions, and believes that the settlement in this matter is fair and adequate for the Plaintiffs and the Settlement Class.

WHEREFORE, Class Counsel, therefore, requests that this Court grant final approval of the Class Action Settlement in this matter via entry of the attached Order, which also resolves the motion for attorney's fees and costs.

Respectfully submitted,

DATED: June 21, 2019

KIM LAW FIRM LLC

*/s/ Yongmoon Kim*
Yongmoon Kim, Esq. (NJ Attorney ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel & Fax: 201-273-7117
Email: ykim@kimlf.com

KELLER LAW

*/s/ Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com

## CERTIFICATE OF SERVICE

I, Yongmoon Kim, hereby affirm under the penalties of perjury that on June 21, 2019, I caused a copy of the foregoing documents to be served on the following counsel of record by the Court's electronic filing system:

Peter A. Velde, Esq.
Nicholas W. Levi, Esq.
KNIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204

Daniel Andrew Bogatz, Esq.
Michael D. Slodov, Esq.
JAVITCH BLOCK, LLC
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114

In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 21st day of June 2019.

*/s/ Yongmoon Kim*
Yongmoon Kim