UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRANDY GIBSON and VICKIE COX,
*individually and behalf of others similarly situated,*

Plaintiffs,

vs.

JAVITCH BLOCK, LLC,

Defendant.

Civil Action No. 2:18-cv-00320-MJD-RLM

ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT

**THIS MATTER** having come before the Court at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiffs; and the Plaintiffs and Settlement Class Members being represented by Class Counsel, and Defendant being represented by its attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiffs' motions and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers

filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On March 5, 2019, the Court preliminary approved the class settlement in this action where Plaintiffs alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. The Court certified the Settlement Class for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Settlement Class Representatives, and appointed Duran L. Keller of Keller Law LLP and Yongmoon Kim of the Kim Law Firm LLC as Settlement Class Counsel.

2. The Settlement Class certified by the Court was defined as:

    (i) All natural persons with addresses in the State of Indiana;
    (ii) who were sent an initial written communication from Defendant;
    (iii) which included the statement: "Upon your written request within the 30-day period, we will provide you with the name and address of the prior creditor, if different from the current creditor."
    (iv) where the underlying debt was incurred primarily for personal, family or household use; and
    (v) which letter was dated from July 17, 2017 through and including July 28, 2018.

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served notices of the proposed settlement on the appropriate Federal and State officials.

4. Defendant denies that it has in any way violated the FDCPA.

5. The Settlement Class database provided by Defendant to the Settlement Administrator ultimately included 3,676 persons who meet the definition of the Class, and Notice was mailed to those 3,676 members of the Settlement Class.

6. The Settlement Administrator has reported to the Court that: the mailing was

generally successful; that no Settlement Class member has raised an objection to the settlement; and that one person (Alexander J. Wojda) requested to be excluded from the Settlement Class.

7. The Court has not received any objections to the settlement.

8. Plaintiffs and Defendant now request final approval of the settlement.

9. The Court has considered the Settlement Agreement, the Motions and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

10. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

11. The application for Final Approval of the proposed settlement is **GRANTED** and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

12. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement [Dkt. 37-1], is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

13. As set forth in paragraph 8(c) of the Settlement Agreement, Defendant shall fund the bank account to be established by the Settlement Administrator in the amount of $33,000.00 **within fourteen (14) days** from the date this Order is entered.

14. **Within twenty-one (21) days** of this Order becoming final as set forth in the

Settlement Agreement, the Settlement Administrator shall mail each Settlement Class member their check according to the formula and process set forth paragraph 8 of the Settlement Agreement.

15. As set forth in paragraph 8(e) of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to Indiana Legal Services.

16. For efforts on behalf of the Class and to settle individual claims, Defendant shall pay $3,150.00 to Plaintiff Brandy R. Gibson, and $3,150.00 to Plaintiff Vickie Cox in the manner set forth in paragraph 9 of the Settlement Agreement **within fourteen (14) days** of the date this Order becomes final as set forth in the Settlement Agreement.

17. Upon entry of this Order and final approval of the settlement, Plaintiffs and each member of the Settlement Class who has not been excluded will release Defendant as follows:

> As a result of the settlement that has been approved in this Action, when this judgment becomes effective upon the final approval date, Plaintiffs and each Settlement Class Member, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged Defendant, including past and present partners, members, officers, directors, shareholders, employees, successors and assigns of Defendant, of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity that Plaintiffs and Settlement Class Members, as defined herein, asserted or could have asserted pursuant to the Fair Debt Collection Practices Act and as a result of Plaintiffs' or any Settlement Class Members' receipt or Defendant's sending of the Subject Letters to the Plaintiffs and/or any such Settlement Class Member. This release does not discharge any financial obligation as between debtor and creditor, nor does it release any claim for any other collection attempts not covered by this Settlement.

18. Defendant shall pay Class Counsel's fees and costs in the amount of

$34,000.00, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement. The fees are in addition to the settlement benefits each Settlement Class member will be receiving and are the sole property of Class Counsel, not Plaintiffs or the class. In light of the $1,534.13 in expenses and estimated $4600.00 of paralegal time (46 hours at $100.00/hour) included in that figure, that works out to a blended rate for the attorneys involved of $271.44 per hour ($34,000.00 - 1,534.13 - $4,600.00 = $27,865.87 / 102.66 hours = $271.44 per hour), which the Court finds to be fair and reasonable in the circumstances. Pursuant to the Settlement Agreement, this payment shall be made **within fourteen (14) days** of the date this Order becomes final in the manner set forth in the Settlement Agreement.

19. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

20. This Action against the Defendant is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

SO ORDERED.

Dated: 28 JUN 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.